**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

**STEPHANIE GADBERRY,**         CASE NO.
                                GBN: 121837
    **Plaintiff,**

v.

**C. ANDERSON & ASSOCIATES, LLC,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, STEPHANIE GADBERRY, hereby sues Defendant, C. ANDERSON & ASSOCIATES, LLC., and alleges:

## JURISDICTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

2. This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, STEPHANIE GADBERRY, has been a resident of the State of Florida and employed by Defendant. Plaintiff is a member of a protected class because of her sex and because she reported unlawful employment practices and has been retaliated against thereafter.

4. At all times pertinent hereto, Defendant, C. ANDERSON & ASSOCIATES LLC., has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began her employment with Defendant in August 2021, by applying for a company job through the defendant company's website. Initially, she was instructed to work for Defendant at the home of owner/senior company official John Anderson's father. Shortly thereafter, Plaintiff was assigned work more along the lines she applied for, in Fitzgerald, Georgia.

7. During the course of her employment, she was subjected to unwelcome behavior of a gender-based nature, causing and creating a hostile work environment. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her sex and has been retaliated against after reporting this discrimination.

8. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## SEX DISCRIMINATION
## ADVERSE ACTION; TERMS AND CONDITIONS; HOSTILE WORK ENVIRONMENT

9. Paragraphs 1 through 8 are re-alleged and incorporated herein by reference.

10. This is an action against Defendant for discrimination based upon sex brought under 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a. Plaintiff specifically alleges adverse action in the form of constructive discharge, gender-based unfavorable differences in terms and conditions of her employment, and the creation of a hostile work environment based on gender.

11. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's sex.

12. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

13. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

14. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

15. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a sex-based nature and in violation of the laws set forth herein.

16. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

17. The events set forth herein led, at least in part, to Plaintiff's termination on contrived allegations.

18. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq.

19. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT II
## RETALIATION

20. Paragraphs 1 through 8 are re-alleged incorporated herein by reference.

21. This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

22. Defendant is an employer as that term is used under the applicable statutes referenced above.

23. The foregoing unlawful actions by Defendant were purposeful.

24. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and has been the victim of retaliation thereafter.

25. The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

26. Plaintiff is a member of a protected class because she reported unlawful employment practices and has been the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

27. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 6th day of October, 2022.

                Respectfully submitted,

                /s/ Jim Garrity
                Jim Garrity [GBN 121837]
                MARIE A. MATTOX, P.A.
                203 North Gadsden Street
                Tallahassee, FL 32301
                Telephone:  (850) 383-4800
                Facsimile:   (850) 383-4801

                ATTORNEYS FOR PLAINTIFF